FILED

2007 Feb-28  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| IVETTE ALVAREZ | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for her Complaint against the Defendant, Portfolio Recovery Associates, LLC,[1] states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[2] regarding inaccurate entries on Plaintiff's credit reports. Claims are also brought under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in

---

[1] Any reference to Defendant or Defendants refers to both singular and plural.

[2] Any reference to the Fair Credit Reporting Act or the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.   Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and Portfolio is subject to personal jurisdiction in this Judicial District.

## Parties

4.   The Plaintiff, Ivette Alvarez ["Plaintiff" or "Alvarez"], is a natural person who resides within this Judicial District.

5.   Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC[3] ["Defendant" or "Portfolio"] is a foreign company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District.   Its principle place of business is outside the State of Alabama.

## Factual Allegations

6.   Plaintiff, Alvarez, pulled her credit report in June 2006 to review it.

7.   Plaintiff noticed that her credit report was showing an account reflecting that she owed Portfolio Recovery Associates, LLC approximately $13,000 and that the account was in collections and seriously past due.

8.   Prior to pulling this report, Plaintiff had never had any sort of relationship with Portfolio, had never done business with it and not received any call or written correspondence from Portfolio regarding this account.

---

[3] Portfolio Recovery Associates claims on its website that it is committed to the goal of ".. . giving debt collection a good name." http://www.portfoliorecovery.com/

9.   Plaintiff contacted Portfolio in an attempt to investigate Portfolio and the alleged claim that she owed them money. She spoke with someone at Portfolio. During this conversation she provided them with her social security number so that they could pull up her account. The representative began requesting more information.

10.  The Portfolio representative asked if she had ever lived in Maimi, to which she responded "no." He asked if she had ever taken out a loan with Southern Auto Finance, to which she also responded "no." She informed him that the account was not hers.

11.  A week after the first phone call a representative of Portfolio Recovery Associates called her at work in an attempt to collect on the account. Alvarez again informed the Portfolio representative that it was not her account. Portfolio insisted it was hers and that she pay it.

12.  Alvarez was upset by the phone call and hung up the phone. She then called back and requested that she receive verification of the account in writing.

13.  Alvarez also faxed a letter to the Portfolio representative asking that they not contact her at work.

14.  Alvarez did not receive any documentation, verification or correspondence from Portfolio Recovery Associates.

15.  Alvarez continued to receive calls at her office after her oral and written requests that they stop calling her at work.

16.  Alvarez's co-workers also spoke with Portfolio agents and were harassed as well.

17.  Alavarez's supervisor Stacy Allen repeatedly told the Portfolio callers not to call and she was harassed by Portfolio employees.

18.   Alvarez repeatedly asked for proper documentation from Portfolio Recovery Associates, but did not receive any documents supporting its claim that it was entitled to collect the debt in writing.

19.   After the initial communication, Portfolio did not send out the required 1692(g) letter to the plaintiff.

20.   Alvarez then received a letter from Nathan & Nathan, debt collection attorneys who indicated that they were attempting to collect a debt on behalf of Portfolio.

21.   Ms. Alvarez received 5 or 6 letters from Nathan and Nathan. In response to one of the letters, she called them and informed them that the account was not hers.

22.   Alvarez disputed the inaccurate and false Portfolio trade line with the CRAs, yet Portfolio verified the information in violation of the FCRA. This information remains on one or more of her credit reports.

23.   Ms. Alvarz also faxed a letter to Nathan and Nathan disputing the account.

24.   On December 27, 2006, Ms. Alvarez was sued in the Circuit Court of St. Clair County, Alabama for $15,912.29 despite the fact that both Portfolio and Nathan and Nathan knew this was not her account.

25.   This public filing constitutes defamation as Portfolio has publicized that Plaintiff owes money when such is false.

26.   Ms. Alvarez was served with the complaint by a county sheriff in the waiting room of the doctor's office where she works. This was done in front of 20 to 30 of her employer's patients and in front of her co-workers causing her great shame and embarrassment.

4

27. The conduct of Portfolio has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

28. It is a practice of Portfolio to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA and state law.

29. All actions taken by employees, agents, servants, or representatives of any type for Portfolio were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

30. All actions taken by Portfolio were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, FCRA and state law and/or that they knew or should has known that their actions were in reckless disregard of the FDCPA, FCRA and state law.

31. Portfolio has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such Portfolio is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

5

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

32.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

33.   Portfolio, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

   a.   Refusing to send the required 1692(g) notice within five days of contact so that the Plaintiff would be informed of his rights;

   b.   Refusing to verify or to provide validation of the debt;

   c.   Making numerous and frequent harassing phone calls;

   d.   Making numerous and harassing calls to the plaintiffs' place of work after being asked to cease;

   e.   Making numerous and harassing calls to the plaintiffs' work after being sent a request for verification and proof of the debt; and

   f.   Filing a lawsuit against the Plaintiff in an attempt to collect a debt that is not hers and after it was informed the debt was not hers.

34.   Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

35.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

36.   Alvarez is a "consumer," as codified at 15 U.S.C. § 1681a(c).

6

37.    Portfolio is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

38.    Alvarez notified the CRAs directly of a dispute regarding the Portfolio account.

39.    The CRAs, upon information and belief, forwarded Alvarez's request for a reinvestigation to Portfolio in accordance with the FCRA.

40.    No party ever notified Alvarez that his dispute was frivolous or irrelevant, or that he had failed to provide sufficient information to investigate the disputed information.

41.    After Alvarez's request for a reinvestigation, the CRAs continue to report inaccurate information regarding Alvarez relating to Portfolio.

42.    Alvarez alleges that Portfolio failed in all respects to conduct a proper and lawful reinvestigation from start to finish and failed to report accurate information to the CRAs concerning Alvarez.

43.    All actions taken by Portfolio were done with malice, were done willfully, and were done with either the desire to harm Alvarez and/or with the knowledge that their actions would very likely harm Alvarez and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

43.    All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint

## THIRD CLAIM FOR RELIEF
### State Law Claims

44.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

45.   Portfolio repeatedly called Plaintiff at her work in a harassing manner and defamed her to her co-workers. Plaintiff and her supervisor informed Portfolio not to harass her, but her requests was not honored. This constitutes harassment and invasion of privacy.

46.   Portfolio negligently and/or recklessly hired, supervised, trained, or selected its employees and/or debt collectors who dealt with Plaintiff. Portfolio knew that its employees and/or agents were incompetent and knew or should have known that its employees and/or agents would violate state and federal law but yet these incompetent debt collectors were used throughout the dealings with Plaintiffs.

47.   Portfolio defamed Plaintiff as set forth in this Complaint by publishing untrue statements about Plaintiff.

48.   Portfolio acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiffs as set forth in this complaint.

49.   Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

### RELIEF SOUGHT

50.   An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

8

51.     Plaintiff also requests all further relief to which they are entitled under Federal or

State law, whether of a legal or equitable nature.


Respectfully Submitted,


_____
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com


_____
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com


### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.


_____
**Attorney for Plaintiff**

9

**<u>Serve Defendant via certified mail at the following addresses:</u>**

Portfolio Recovery Associates LLC
C/O Judith Sugg Scott
General Counsel
120 Corporate Blvd, Ste 100
Norfolk, VA 23502